UNITED STATES of America, Plaintiff—Appellee,

v.

Scott Leonard LYNCH, Defendant—Appellant.

No. 00–30353.

D.C. No. CR–00–00036–EFS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2002.

Decided May 8, 2002.

---

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

## MEMORANDUM **

Scott Leonard Lynch appeals the 110–month sentence imposed by the district court following his conviction by a jury for conspiracy to distribute and distribution of methamphetamine in violation of 21 U.S.C.

§§ 841(a)(1) and 846, and 18 U.S.C. § 2. We have jurisdiction under 28 U.S.C. § 1291.

In challenging the validity of his sentence, Lynch advances several contentions. First, he contends that the indictment was insufficient in two respects: (1) it misidentified the distribution offense by describing methamphetamine as a Schedule III drug; and (2) it failed to set forth an essential element of the offense, specifically drug quantity. Then Lynch contends that because the omitted element, drug quantity, effects the prescribed statutory maximum penalty, any sentence under 21 U.S.C. § 841(b)(1)(A), (B) or (c) is unlawful under *Apprendi v. New Jersey.*[1] Lynch further contends that the district court violated *Apprendi* by imposing sentence based on the finding of a drug quantity not submitted to the jury. We address each contention in turn.

### Standard of Review

The sufficiency of an indictment is a question of law which we review *de novo.*[2] Whether the district court properly applied *Apprendi* is also a question of law subject to *de novo* review.[3]

### Discussion

 Lynch challenges the sufficiency of the indictment on the ground that the charging document's misidentification of methamphetamine as a Schedule III controlled substance failed to give him sufficient notice of the drug-related charges

* Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

2. *United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999), *cert. denied,* 526 U.S. 1153, 119 S.Ct. 2037, 143 L.Ed.2d 1046 (1999).

3. *United States v. Gill,* 280 F.3d 923, 930 (9th Cir.2002) (citation omitted).

against him. Specifically, he contends that because of this misidentification he is exposed to the maximum penalty of five years imprisonment associated with Scheduled III controlled substances. We are not persuaded.

Lynch is correct that the indictment misidentified methamphetamine, a Schedule II controlled substance, as a Schedule III drug. Our review of the record reveals, however, that the indictment charged and the case was tried with the full understanding that the substance involved was methamphetamine. Further, the record reflects that after the presentation of evidence, during instructions to the jury, the district judge corrected the text of the indictment, stating that methamphetamine was a "Schedule II" controlled substance. We therefore conclude that the indictment's misidentification of methamphetamine as a Schedule III drug was not prejudicial to the defendant but, rather, was harmless error.[4]

█ Lynch next contends that his sentence is invalid because the indictment omitted an essential element, drug quantity, in violation of the constitutional rule of *Apprendi*. Again we are not persuaded.

Under *Apprendi* and *United States v. Buckland*,[5] any fact, such as drug quantity, that increases a defendant's sentence beyond the prescribed statutory maximum becomes an element of the offense that must be charged in an indictment and

proven to the trier of fact. "[T]he relevant inquiry is . . . [whether] the required finding expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict?"[6]

In the instant case, Lynch was convicted of conspiracy to distribute and distribution of an *unspecified* amount of methamphetamine. The jury was not obliged to determine a specific quantity of methamphetamine attributable to Lynch in order to return its guilty verdict. Under 21 U.S.C. § 841(b)(1)(C), the prescribed maximum sentence for crimes involving an undetermined amount of methamphetamine is twenty years. Lynch's sentence of 110 months obviously falls well within the maximum punishment available. It is manifest that neither the quantity of methamphetamine, nor any other fact, increased his sentence beyond the statutory maximum. Accordingly, Lynch may not obtain relief under *Apprendi*.[7] Our reading of the relevant substantive and penalty statutes and review of the legal authority on this issue persuades beyond peradventure that drug quantity did not become an element of the offense and, therefore, the indictment was not required to charge a specific quantity of methamphetamine attributable to the defendant.

Finally, Lynch contends that his sentence is invalid because the district court violated *Apprendi*[8] when it unilaterally de-

---

**4.** *Id.* (concluding that defendant was not prejudiced by the indictment's misidentification of PCP as a Schedule III drug).

**5.** *See Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348; *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc).

**6.** *Buckland*, 277 F.3d at 1180 (internal quotation and citation omitted).

**7.** *United States v. Saya*, 247 F.3d 929, 942 (9th Cir.2001), *opinion amended*, 2001 WL

476942 (May 8, 2001) (explaining that this court has "held repeatedly that a defendant cannot obtain relief under *Apprendi* when his sentence does not exceed the statutory maximum authorized by the jury's verdict. . . .").

**8.** In *Apprendi* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

termined the quantity of drugs accountable to him without submitting the question of drug quantity to the jury. This contention also lacks merit.

"Post-*Apprendi* circuit court decisions uniformly hold that where the jury has not decided the quantity of drugs involved and the sentencing court must determine drug quantity for guideline purposes, so long as the sentence imposed does not exceed the statutory maximum, the quantum of proof the judge should apply is a preponderance of the evidence." [9] As noted above, Lynch was charged and convicted for offenses involving an unspecified amount of methamphetamine, and the jury did not decide the quantity of drugs involved. At sentencing, the district court determined 110 grams of a mixture containing methamphetamine was attributable to Lynch, a determination we find fully supported by the record. In applying the Sentencing Guidelines, the district court imposed a 110–month term of imprisonment—a sentence well within the statutory maximum. Accordingly, we find no reversible error, and conclude that the rule of *Apprendi* is not implicated.

For these reasons, the defendant's sentence is AFFIRMED.

---

9.  *Gill,* 280 F.3d at 931 (citations omitted).